**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Fowsi Adam, Bashir Aden, Hussein H. Ahmed, Ahmed Aidid Ali, Abdi M. Dagal, Daud S. Dahir, Abdirashid A. Elmi, Hassan H. Farah, Shaffie Farah, Mohamud A. Haji, Abdirashid H. Hassan, Abdisalaam Hassan, Omar A. Hussein, Abdi Ali Jama, Mohamed Salah Jama, Hussein Suleman Kassim, Said Hassan Keire, Ahmed Mohamed, Abdi A. Mohamed, Abdirashid A. Mohamoud, Abdullahi A. Mahamed, Ali Aden Mohamed, Jama A. Mohamud, Muse Mohamed Ahmed, Mustaf D. Mohamed, Anwar Said, Kulaten Munye Said, Mubarak A. Geelle, Jamal Nur, Abdikani Aded, Abdulaziz Ahmed, Abrashid Said, Mohamed Hassan,

Plaintiffs,

v.

National Car Rental System, Inc., Alamo Rent A Car, LLC, and ANC Rental Funding Corp.,

Defendants.

Civil File No. 01-CV-943 JRT/FLN

**STIPULATED CONFIDENTIALITY ORDER**

---

Abdi Karim Gelle, Mohamed Hassan, Aden Osman Jama, Abdiweli Hassan Mohamed, Abshir Aden Mohamoud,

Plaintiffs,

v.

National Car Rental System, Inc., Alamo Rent A Car, LLC, and ANC Rental Funding Corp.,

Defendants.

Civil File No. 01-CV-1237 JRT/FLN

---

FILED [illegible] 20 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**STIPULATION**

WHEREAS Plaintiffs and Defendants have sought, anticipate seeking, anticipate receiving, and/or anticipate disclosing and producing, pursuant to the Federal Rules of Civil Procedure and court order, documents, testimony, and other information, (collectively "information") that may be confidential in nature; and

WHEREAS the disclosure of the information described above may invade the privacy of Plaintiffs or of an employee of Defendants or cause annoyance or embarrassment for those persons or may be contrary to Defendants' business interests; and

WHEREAS Plaintiffs and Defendants wish to preserve the confidentiality of the parties' business, financial, personnel, and personal information as well as that of Defendants' employees; and

WHEREAS the parties have entered into this stipulation to provide procedures to govern the disclosure, maintenance, and use of information designated by Plaintiffs or Defendants as confidential; and

WHEREAS there is good cause for an order protecting the parties' confidential information.

NOW THEREFORE:

1. "Confidential Information," as used in this stipulation and order, shall include, but not be limited to, any document, testimony or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note or copy made therefrom, that is designated by Plaintiffs or Defendants as containing proprietary business information, financial information, personnel information, personal information, and/or trade secrets.

2. Information disclosed by Plaintiffs to Defendants, or by Defendants to Plaintiffs, or by a non-party to Plaintiffs or Defendants, pursuant to the Federal Rules of Civil Procedure or court order, may be designated as "Confidential Information" in the following manner:

a. By imprinting the word "Confidential" on the first page or cover of any document;

b. By imprinting the word "Confidential" next to or above any response to an interrogatory or request for admission;

c. With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as "Confidential" no later than 20 days after the testimony is given; and

d. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than 10 days after receipt of the transcribed testimony.

3. All information disclosed by Plaintiffs or Defendants designated as Confidential Information shall be subject to the following restrictions:

a. The information shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever; and

b. The information shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

(1) The party receiving such Confidential Information; such party's agents, contractors and employees in this litigation; such party's counsel, and such counsels' members, partners, agents, contractors and employees, in this litigation; provided that each such individual signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and consenting to the jurisdiction of this Court;

(2) Experts whose opinions may be presented at trial in this litigation, who are retained or specially employed by a party for the purposes of this litigation, or who are consulted by counsel in connection with this litigation; but only to the extent the communication or disclosure of Confidential Information is necessary to assist counsel the prosecution or defense of this litigation, and is necessary for the expert's rendition of services in this litigation; provided that each such expert sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and consenting to the jurisdiction of this Court;

(3) Persons noticed for deposition to the extent reasonably necessary in preparing them to testify at their depositions in this litigation; provided that each such person sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and consenting to the jurisdiction of this Court;

(4) Deponents during the course of their depositions in this litigation provided that each such person sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and consenting to the jurisdiction of this Court;

(5) Persons designated as trial witnesses in this litigation, to the extent reasonably necessary in preparing them to testify at trial in this litigation; provided that each such person sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and consenting to the jurisdiction of this Court;

(6) Trial witnesses during the course of their trial testimony in this litigation;

(7) The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom; and

(8) Such other persons as the Court may specifically approve after notice and hearing in this litigation, but only subject to any terms or conditions imposed by the Court, and provided each such person sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and consenting to the jurisdiction of this Court.

4. Individuals authorized to review Confidential Information pursuant to this Stipulated Confidentiality Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.

5. No access to Confidential Information shall be permitted to any individual identified in subparagraphs 4.b (1), (2), (3), (5), and (8), including the Plaintiffs, until the individual to be accorded access has signed an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and consenting to the jurisdiction of this Court for purposes of enforcing this Stipulated Confidentiality Order. Plaintiffs' counsel shall be responsible for maintaining a list of all persons to whom any Confidential Information disclosed by the Defendants, is disclosed. Defendants' counsel shall be responsible for maintaining a list of all persons to whom any Confidential Information disclosed by Plaintiffs, is disclosed. A party may inspect the other party's counsel's list only upon showing that the first party has substantial need of the list to establish the source of an unauthorized disclosure of Confidential Information and that such party is unable without undue hardship to identify the source of the disclosure through other means.

6. No copies of Confidential Information disclosed by one party to an opposing party may be made by the party receiving the Confidential Information, except by or on behalf of the receiving party's counsel in this litigation.

7. All Confidential Information received by a party or the party's counsel in this litigation, including all extracts, abstracts, charts, summaries, notes, recordings, transcriptions, or copies made therefrom, must be retained in the custody of counsel or other persons authorized by this Stipulated Confidentiality Order during the pendency of this litigation.

8. In the event that a party desires to permit access to information received from an opposing party, which is identified as "Confidential" hereunder, to any person or category of persons not identified in paragraph 4.b above, the receiving party shall inform the other party in writing, and the parties shall attempt first to resolve the matter in good faith and on an informal basis. If the parties are unable to resolve their dispute, the receiving party shall

move this Court for an order that such a person or category of persons may be given access to the information. Such a motion, the responses to it, and any accompanying affidavits and exhibits, shall be filed under seal in accordance with paragraph 12, below. In the event that the motion is granted, such person or category of persons may be given access to the information. In the event that the motion is granted, such person or category of persons may have access to the information, but only subject to any terms or conditions imposed by the Court, and provided that such person or persons sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and consenting to the jurisdiction of this Court.

9. Counsel for the parties shall be responsible for assuring compliance with the terms of this Stipulated Confidentiality Order by their respective clients and any other persons to whom such counsel and their clients disclose Confidential Information from an opposing party and for obtaining the prior agreement to be bound by the terms of the Stipulated Confidentiality Order from all qualified recipients to whom any Confidential Information is disclosed in accordance with this Stipulated Confidentiality Order.

10. If a party objects to an opposing party's designation of certain information as "Confidential Information," that party shall inform the other party in writing that the information should not be deemed "Confidential Information," and the parties shall attempt first to resolve such dispute in good faith and on an informal basis. If the parties are unable to resolve their dispute, the objecting party shall present a motion to the Court objecting to such status or the objection is waived. The information at issue shall continue to have Confidential Information status during the pendency of any such motion.

11. In the event it is necessary for the parties to file Confidential Information or to offer testimony regarding Confidential Information, with the Court in connection with any

pretrial proceeding or motion or as evidence at trial, the information shall be submitted under seal. With regard to a document, the Confidential Information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

CONFIDENTIAL

> This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Stipulated Confidentiality Order entered on [insert date] in the consolidated actions captioned Adam et al. v. National Car Rental System, Inc., et al., Case No. 01-CV-943, JRT/FLN, and Gelle et al. v. National Car Rental System, Inc., et al., Case No. 01-CV-1237 JRT/FLN.

12. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Stipulated Confidentiality Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Stipulated Confidentiality Order.

13. If a party believes there is good cause to disclose Confidential Information to any person or category of persons not identified in paragraph 4.b, above, the party shall comply with the provisions of paragraph 9, above. By agreeing to the entry of this Stipulated Confidentiality Order, the parties hereto adopt no position as to the admissibility of information disclosed subject to this Stipulated Confidentiality Order.

14. Within ninety (90) days of the termination of this litigation, including any appeals, counsel for any party that received Confidential Information from an opposing party shall be required immediately to return to counsel for the disclosing party all Confidential Information disclosed subject to this Stipulated Confidentiality Order, and all extracts, abstracts, charts, summaries, recordings, transcriptions, notes or copies made therefrom.

15. A non-party may designate as Confidential Information documents or information produced in this action by the non-party in response to discovery requests, deposition inquiry, subpoena or court order. Such Confidential Information shall be designated and treated in accordance with the provisions of this Stipulated Confidentiality Order as if the producing non-party was a party in this action.

16. Nothing in this Stipulated Confidentiality Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

***AGREED TO:***

Dated: 9/13, 2001

REINHARDT AND ANDERSON

By: [signature]

Jeffrey R. Anderson Reg. No. 2057
Patrick W. Noaker Reg. No. 274951
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
(651) 227-9990

*Attorneys for Plaintiffs*

Dated: September 17, 2001

HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.

By: ____________________

Donald M. Lewis Reg. No. 62844
Matthew E. Damon Reg. No. 158136
Sandra L. Conroy Reg. No. 267132
Matthew E. Johnson Reg. No. 235945
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402
(612) 338-1838

*Attorneys for Defendants*

***IT IS SO ORDERED:***

Dated: Sept 19, 2001

____________________
CHIEF UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Fowsi Adam et al.,

Plaintiffs,

v.

National Car Rental System, Inc.,
Alamo Rent A Car, LLC, and
ANC Rental Funding Corp.,

Defendants.

Civil File No. 01-CV-943 JRT/FLN

---

Abdi Karim Gelle et al.,

Plaintiffs,

v.

National Car Rental System, Inc.,
Alamo Rent A Car, LLC, and
ANC Rental Funding Corp.,

Defendants.

Civil File No. 01-CV-1237 JRT/FLN

---

**DECLARATION CONCERNING RECEIPT OF CONFIDENTIAL INFORMATION**

I, ________________________________________ (printed name), declare as follows:

1. I have been requested by counsel for ________________ to review materials designated as CONFIDENTIAL under a Stipulated Confidentiality Order.

2. I have read and understand the terms of the Stipulated Confidentiality Order in this case. I agree to abide by the terms of the Stipulated Confidentiality Order and will not

disclose any information designated as confidential and will not use such information other than in my role in assisting counsel in this case.

3. I agree to submit to the jurisdiction of the Court that entered this Stipulated Confidentiality Order for enforcement of the undertakings I have made here. I appoint ______________________________, counsel for ______________________, as my agent to receive the service of process in connection with any action to enforce this Stipulated Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this ___ day of __________, 2000.

__________________________

(Signature)